## CRAWFORD *v.* HUBBELL.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 248. Argued November 8, 9, 1899. — Decided April 16, 1900.

The matter embraced in the questions submitted to this court has been considered, and was passed on in the opinion in *American Express Co.* v. *Michigan, ante,* p. 404, which is followed in this case.

THE case is stated in the opinion.

*Mr. Frederick R. Kellogg* and *Mr. Allan L. McDermott* for appellant. *Mr. James B. Dill* was on their brief.

*Mr. Charles Steele* and *Mr. Charles B. Alexander* for appellee. *Mr. William D. Guthrie* and *Mr. Theodore S. Beecher* were on their brief.

MR. JUSTICE WHITE delivered the opinion of the court.

The certificate and the questions which arise from it are as follows:

"This cause came before this court on February 2, 1899, upon an appeal taken by the complainant to review a decree of the Circuit Court, Southern District of New York, sitting in equity. Such decree dismissed the bill. As to a question of law arising upon said appeal this court desires the instruction of the Supreme Court for its proper decision.

"*Statement of Facts.*

"This suit is for an injunction to restrain the express company from refusing to accept express packages from complainant for transportation, except upon the condition that complainant either pay for or provide the war revenue stamp required to be affixed to each receipt in addition to its usual and ordinary charges for transportation as the same existed on and for a long time prior to July 1, 1898. The defendant company since July 1, 1898, has fixed rates of compensation which it offers to accept for services rendered by it, whereby, in addition to the amount of its charges as the same existed on and for a long time prior to July 1, 1898, it requires the shipper either to provide or pay for the cost of the stamp on the bill of lading or receipt required to be issued by the act of Congress of June 13, 1898, known as the 'War Revenue Act.' It has made known these charges to shippers, and particularly to complainant, and refuses to accept packages for transportation except upon payment thereof. The pleadings are annexed to this certificate.

"*Questions certified.*

"Upon the facts set forth, the questions of law concerning which this court desires the instruction of the Supreme Court for its proper decision are:

"(1) Does the War Revenue Act of June 13, 1898, impose upon the carrier exclusively the tax represented by the stamp to be affixed to each bill of lading, manifest, or other evidence of receipt required to be issued to each shipper of goods ac-

cepted by the carrier for transportation, or does it impose the tax merely upon the transaction of shipment, leaving it to be paid indifferently by either party thereto?

"(2) If the War Revenue Act of June 13, 1898, does impose such tax exclusively upon the carrier, does it preclude the carrier, who is by such act required to issue to each shipper a bill of lading, manifest, or other evidence of receipt, from relieving itself of the expense of affixing and cancelling the stamp required to be attached to such bill of lading, manifest, or other evidence of receipt?

"In accordance with the provisions of section 6 of the act of March 3, 1891, establishing Courts of Appeal, etc., the foregoing questions of law are by the Circuit Court of Appeals hereby certified to the Supreme Court."

The subject to which the certificate relates and the matter embraced in the questions submitted has been considered, and was passed on in an opinion this day announced in the case of the *American Express Company* v. *Fred. A. Maynard, Attorney General of the State of Michigan ex rel. George F. Moore et al.*, No. 220 of the docket of this term.

For the reasons given in the opinion in the case just referred to it is unnecessary to answer the first question submitted, and a negative answer to the second question is required.

*And it is so ordered.*